UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

**JOSEPH LUKE GUNTHER,**

                          **Plaintiff,**

                        **-v-**                         **5:07-CV-1203**

**NEW YORK STATE DEPARTMENT OF MOTOR
VEHICLES, et al; NANCY NAPLES, KAREN T.
GHARHARTT, IDA L. TRASCHEN,**

                          **Defendants.**

✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

APPEARANCES:

Joseph L. Gunther
47 West Schuyler Street
Oswego, New York 13126
Plaintiff, *Pro Se*

Hon. Andrew M. Cuomo, Attorney General of the State of New York
Adrienne Kerwin, Esq., Assistant Attorney General
The Capitol
Albany, New York 12224
Attorneys for Defendants

**Hon. Norman A. Mordue, Chief U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### INTRODUCTION

In this *pro se* action under 42 U.S.C. § 1983, plaintiff claims his Fifth, Eighth and Fourteenth Amendment rights were violated when New York State Department of Motor Vehicles ("DMV") required him to pay an assessment of $525 pursuant to section 503(4) of New York State Vehicle and Traffic Law. The defendants move (Dkt. No. 11) for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Plaintiff moves (Dkt. No. 14) for summary judgment. Defendants cross move (Dkt. No. 18) for summary judgment. For the

reasons set forth below, the Court grants defendants' Rule 12(c) motion in part and denies it in part, denies plaintiff's motion for summary judgment, and grants defendants' motion for summary judgment dismissing the remaining claims.

**BACKGROUND**

On October 14, 2005, plaintiff was convicted of speeding by the Town of Scriba Justice Court.  New York State regulations provide that any traffic violation "involving speeding more than 20 but not more than 30 miles per hour over the speed limit" "shall be assigned a point value of six points."  15 NYCRR 131.3(b)(3).  On October 3, 2006, plaintiff was convicted of failing to stop at a stop sign by the Village of Booneville Justice Court on October 3, 2006.  New York State regulations provide that any traffic violation involving disobeying a stop sign "shall be assigned a point value of three points."  15 NYCRR 131.3(b)(6)(iii).  Thus, within less than a year, plaintiff accumulated nine points.

Section 503(4)(a) of New York State Vehicle and Traffic Law provides: "Any person who accumulates six or more points on his or her driving record for acts committed within an eighteen month period shall become liable to the [DMV] for payment of a driver responsibility assessment[.]"  Because plaintiff accumulated nine points in less than eighteen months, DMV issued a driver responsibility assessment ("assessment") against him in the amount of $525.  *See* N.Y. Veh. & Traffic L., §503(4)(b).  The notification of the assessment, dated November 16, 2006, advised plaintiff his driver's license would be suspended if he failed to pay the full assessment of $525 or the minimum annual payment of $175 by December 16, 2006.

On November 29, 2006, plaintiff wrote to Nancy Naples, then DMV Commissioner, asserting that the assessment was incorrect, that he had no points on his license, and that the nine

points were "completely fabricated." By letter dated December 4, 2006, defendant Karen T. Gharhartt, as Supervising Driver Improvement Examiner in DMV's Driver Improvement Bureau, responded to plaintiff's letter. Gharhartt's letter stated that plaintiff's letter to Commissioner Naples had been referred to her for reply[1]; indicated that the assessment was correct; explained the applicable law; and advised plaintiff that he had the option of contacting the town and village courts regarding the possibility of reopening the convictions.

On December 12, 2006, plaintiff responded to Gharhartt's letter. He claimed DMV had denied him due process and subjected him to double jeopardy, and stated he intended to file a federal lawsuit. Defendant Ida L. Traschen, as DMV's Supervising Attorney, responded by letter dated December 27, 2006, stating that "the sum and substance of Ms. Gharhartt's letter of December 4, 2006 is correct" and notifying plaintiff that DMV would "continue to collect the Assessment."

By Suspension Order dated December 31, 2006, DMV notified plaintiff that his driver's license "is suspended indefinitely effective 01/30/2007" due to his failure to pay the assessment, and that payment of the assessment would "avoid or clear" the suspension. Plaintiff avers he had already mailed the $175 minimum annual payment to DMV on December 13, 2006. In support of this assertion, plaintiff refers to a photocopy of the stub of a money order; however, the date and amount of the money order are illegible. In any event, at some point, DMV received plaintiff's payment and issued a Notice of Restoration, effective January 19, 2007, stating that the suspension of plaintiff's license, effective January 30, 2007, had been rescinded. The reason

---

[1] In her affidavit on this motion, Naples states she asked Gharhartt to respond to plaintiff's letter as Naples' designee because Gharhartt, as Supervising Driver Improvement Examiner, was most familiar with the requirements associated with the assessment.

given was: "Payment of Driver Responsibility Assessment received." Thus, the suspension of plaintiff's license was rescinded before it went into effect. Defendants attach an abstract of plaintiff's driving record, printed April 17, 2008, demonstrating that neither the assessment nor the suspension appear on plaintiff's driving record.

Plaintiff's complaint sets forth three causes of action. First, he claims DMV infringed his Fifth Amendment protection against double jeopardy by fining him after he had already paid the town and village court fines. Second, he claims he was denied due process when DMV "automatically convert[ed]" the town and village convictions to a New York State Vehicle and Traffic Law violation. And third, he claims DMV violated his Eighth Amendment rights by imposing an excessive fine. He requests compensatory and punitive damages from DMV. He also asks the Court to "inform" defendants that DMV does not have authority to overrule decisions of town or village justices.

## DISCUSSION

**The motions**

The defendants move (Dkt. No. 11) for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Plaintiff moves (Dkt. No. 14) for summary judgment. Defendants cross-move (Dkt. No. 18) for summary judgment.

**Rule 12(c)**

Defendants move (Dkt. No. 11) for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure on the ground that the action is barred by the Eleventh Amendment of the United States Constitution. As explained by the Supreme Court: "Absent waiver by the State or valid congressional override, the Eleventh Amendment bars a damages

action against a State in federal court." *Kentucky v. Graham*, 473 U.S. 159, 169 (1985).  New York State has not waived its immunity with respect to section 1983 actions, nor did Congress intend section 1983 to abrogate a State's Eleventh Amendment immunity.  *See Quern v. Jordan*, 440 U.S. 332, 342-43 (1979).  Defendants are entitled to dismissal pursuant to Rule 12(c) of all claims against DMV, which is an arm of the State.

The Eleventh Amendment also bars damages claims against state officials in their official capacities.  *See Kentucky*, 473 U.S. at 169.  Accordingly, to the extent the complaint may be read as asserting claims for money damages against defendants Naples, Gharhartt, and Traschen in their official capacities, it is dismissed pursuant to Rule 12(c).  The Eleventh Amendment does not, however, prevent a plaintiff from seeking prospective injunctive relief against government employees acting in their official capacities.  *See State Employees Bargaining Agent Coalition v. Rowland*, 494 F.3d 71, 95 (2d Cir. 2007).  Plaintiff's request that the Court "inform" defendants that DMV lacks authority to overrule decisions of town or village justices may be read as a claim for prospective injunctive relief; thus it is not dismissed on Eleventh Amendment grounds.

Moreover, the Eleventh Amendment does not bar suits against government employees in their individual capacities.  *Posr v. Court Officer Shield # 207*, 180 F.3d 409, 414 (2d Cir. 1999).  In response to defendants' Rule 12(c) motion, plaintiff purports to assert claims against Naples, Gharhartt, and Traschen in their individual capacities.  Because plaintiff is proceeding *pro se*, the Court will assume for purposes of these motions that his complaint states claims against Naples, Gharhartt, and Traschen in their individual capacities as well as their official capacities.

Accordingly, defendants' motion (Dkt. No. 11) for Rule 12(c) dismissal is granted to the extent of dismissing all claims against DMV and all claims for money damages against the

individual defendants in their official capacities.  The motion is otherwise denied.

**Summary judgment**

Summary judgment is appropriate only when there is no genuine issue with regard to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c). On a summary judgment motion, the Court views the evidence in the light most favorable to the nonmoving party and draws all inferences and resolves all ambiguities in the nonmovant's favor. *LaSalle Bank Nat'l Ass'n v. Nomura Asset Capital Corp*., 424 F.3d 195, 205 (2d Cir. 2005).

The Court first considers plaintiff's claims for money damages against Naples, Gharhartt, and Traschen in their individual capacities.  All three submit affidavits explaining that they acted in their official capacities and that they had no personal involvement with plaintiff.  The undisputed evidence, including the correspondence, supports the affidavits.  There is no evidence upon which a factfinder could conclude that the three individual defendants were acting in any other than their official capacities.

Moreover, plaintiff's evidence, accepted as true and construed in the light most favorable to plaintiff, fails to show he was deprived of any constitutional right.  First, plaintiff cannot make out a due process violation; he was not deprived of any cognizable property right, and he makes no showing that DMV proceeded improperly or that he was denied due process in the town and village courts.  *See generally Dixon v. Love*, 431 U.S. 105, 113-14 (1977).  Second, even assuming that the assessment is subject to the Eighth Amendment, there is no basis to find it was "grossly disproportionate to the gravity of the offense." *United States v. Bajakajian*, 524 U.S. 321, 334 (1998).  Thus, there is no Eighth Amendment deprivation.  And last, there is no double jeopardy violation, because neither the proceedings in the town and village courts nor the

imposition of the assessment were criminal in nature, *see* N.Y. Veh. & Traffic L. §§ 155, 503(4), nor is there evidence that the penalties were so punitive in form and effect as to render them criminal in nature. *See Hudson v. United States*, 522 U.S. 93, 103-04 (1997).

Finally, even assuming for purposes of this motion that there was some constitutional deprivation, the individual defendants are protected by qualified immunity. Where, as here, the challenged conduct involves enforcement of a presumptively valid statute, no reasonable jury, viewing the evidence in the light most favorable to plaintiff, could conclude that the defendants' actions were objectively unreasonable in light of clearly established law. *See Connecticut ex rel. Blumenthal v. Crotty*, 346 F.3d 84, 102-03 (2d Cir. 2003). Accordingly, defendants are entitled to summary judgment dismissing all money damages claims against the individual defendants in their individual capacities.

The sole remaining issue is plaintiff's request that the Court "inform" the individual defendants that DMV does not have authority to overrule decisions of town or village justices. There is no basis for such relief. DMV did not "overrule" local justice court decisions in this case, nor is such a procedure authorized by the Vehicle and Traffic Law. Nor is there any other basis for injunctive relief.

Accordingly, plaintiff's motion (Dkt. No. 14) for summary judgment is denied. Defendants' cross motion (Dkt. No. 18) for summary judgment is granted and the remaining claims – *i.e.*, the claims against the individual defendants in their individual capacities for money damages and the request for injunctive relief – are dismissed.

## CONCLUSION

It is therefore

ORDERED that defendants' motion for Rule 12(c) dismissal (Dkt. No. 11) is granted to the extent of dismissing all claims against DMV and all damages claims against the individual defendants in their official capacities, and otherwise denied; and it is further

ORDERED that plaintiff's motion for summary judgment (Dkt. No. 14) is denied; it is further

ORDERED that defendants' motion for summary judgment (Dkt. No. 18) is granted with respect to the remaining claims; and it is further

ORDERED that the action is dismissed in its entirety.

IT IS SO ORDERED

August 8, 2008
Syracuse, New York

_____
Norman A. Mordue
Chief United States District Court Judge